UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL S. DELGADO,<br><br>            Plaintiff,<br><br>        v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br>COUNTY OF SANTA CLARA, et al.,<br><br>            Defendants. | No. 1:20-cv-01059-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 1)<br><br>TWENTY-ONE DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A FORM FOR A PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS FOR A PERSON IN STATE CUSTODY |

Plaintiff Miguel S. Delgado ("Plaintiff") is a state inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 31, 2020. (ECF No. 1). The Complaint brings claims that relate to occurrences before trial, immediately after trial, and at prison. Plaintiff names the Superior Court of California of Santa Clara as defendant. The Court finds that the Complaint fails to state any cognizable claims.

For the reasons described below, the Court recommends that the complaint be dismissed with prejudice for failure to state a claim. Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of this order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

///
///
///
///

## II. ALLEGATIONS IN THE COMPLAINT

### A. Claim I

The supporting facts for Claim I reads as follows:

> During arrest and interrogation, these investigator's never show any legal documents ordered by the court and signed by the judge a warrant of arrest not ever reading my Miranda Rights and to have counsel but straight to county jail for according to them that they have strong evidence to convict me guilty because of the DNA report by the expert (doctor's) but there was no DNA expert doctor presented during jury trial. Police misconduct, falsified allegation and false arrest. The prosecutor's knows that there's no strong evidence to convict me (Romero Act) without exculpatory evidence but argued false evidence during jury trial with a prior prison PC 667.6, PC 667.61 Just to convince the Juries that I'm a repeat sex offender but I'd never been in prison before and had no 1st & 2nd strike see my legal status summary & abstract of judgment from violent to non-violent 3rd strike that's confused me. The Hon. Judge knows & best why he allowed all these charges PC 288(a) with same & similar offenses range 3-6-8 yrs. and sentenced life is a violation of U.S.S.G. Double Jeopardy.

### B. Claim II

Plaintiff wrote to the court, requesting all of his legal documents, "as my RIGHT to have Access to the Court." He had only received some of his legal documents. He did not receive the DNA report by the doctor "as they'd said that they had, according to them." Plaintiff alleges that under Penal Code 1203.01, he is entitled to a copy of certain records.

### C. Claim III

The supporting facts for Claim III reads as follows (legal arguments omitted):

> Since day one, Reception up to here Level II CCI Tehachapi under the administration of Mr. Sullivan (warden) counselor's, they'd always denied with regards of your Privacy Act information same thing with the case analyst pointing finger's with the CDCR Sacramento main office and also blaming the court sentencing 90 years to life and never been in level 4 something wrong, simply because the agency did not satisfy the requirements of the Privacy Act . . . .

In addition to those supporting facts, Plaintiff alleges that he has suffered the following injuries as a result of those supporting facts:

> The denying of my request having access to my Privacy Act without having PC 1203.01 and the United States Sentencing Guidelines U.S.S.G. cannot balanced and proof of the conviction and that's hurt me & my family for wrongfully convicted.

3

**III.   SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

///

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

**IV.   ANALYSIS OF PLAINTIFF'S CLAIMS**

    **A.   Claim I: Habeas Proceedings and *Heck* Bar**

Plaintiff's first claim challenges his conviction in state superior court on multiple bases including a lack of Miranda rights, a lack of a DNA expert, falsification of evidence, and improper sentencing. This Court is not an appellate court for that state court. For the reasons discussed below, Plaintiff cannot challenge his conviction through a section 1983 case in this court.

1. Habeas Proceedings

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

Here, some of Plaintiff's claims are challenging his underlying conviction or his sentence sentence. He alleges that "[t]he prosecutor's know's that there's no strong evidence to convict me . . . but argued false evidence during jury trial . . . ." He also alleges that his life sentence "is a violation of U.S.S.G. double jeopardy." These claims challenging the fact or duration of his confinement must be brought through a federal habeas action (or appropriate state action). They cannot be brought in a § 1983 action. Instead, Plaintiff must challenge any state conviction by filing appeals in the relevant state courts.  Once Plaintiff exhausts his state appeals, and Plaintiff believes that his conviction violates his federal constitutional rights, Plaintiff may be entitled to file a petition for the writ of habeas corpus in federal court at that time.[1]

The Court will direct the Clerk of the Court to provide Plaintiff with a § 2254 habeas complaint form for the Northern District of California that Plaintiff may use if he chooses to proceed with his claims challenging the fact or duration of his confinement.

2. Favorable Termination Rule – *Heck v. Humphrey*

Plaintiff also appears to challenge the constitutionality of procedures used in his arrest or evidence used against him to secure his conviction.  As discussed below, Plaintiff may not file a section 1983 lawsuit for violation of his constitutional rights unless and until his conviction has been overturned or otherwise invalidated.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable-termination rule" laid out in *Heck*

---

[1] Petitions for habeas relief under § 2254 are subject to separate exhaustion and statute of limitations requirements. *See* 28 U.S.C. § 2254. As it appears Plaintiff was convicted in Santa Clara County, California, the proper venue for his habeas petition is the Northern District of California.

6

preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

Here, some of Plaintiff's claims appear to be challenging his underlying conviction and sentence. Again, to the extent Plaintiff is challenging the fact or duration of his confinement, such challenges must be brought through a petition for habeas corpus. To the extent Plaintiff is not challenging the fact or duration of his confinement, but brings claims that, if successful, would necessarily render his conviction or sentence invalid, those claims can proceed only if Plaintiff demonstrates that the underlying conviction has been reversed, expunged, or otherwise invalidated. However, Plaintiff alleges he remains in prison, indicating his conviction has not been reversed, expunged, or otherwise invalidated. And because he argues his life sentence is invalid, it appears no amendment can cure the defects.

Therefore, Plaintiff's allegations in Claim I fail to state a claim.

**B.     Claim II: Access to Court**

Plaintiff alleges that he was denied records that he should have been given under his "RIGHT to have Access to the Court." The only specific record Plaintiff claims to be missing is "the DNA report by the Doctor as they'd said that they had, according to them." Plaintiff cites, and quotes, California Penal Code § 1203.01.

At the outset, California Penal Code § 1203.01 does not require all evidence to be sent to a

convict. Rather, it contemplates providing information about the defendant and the crime. *See* Cal. Penal Code § 1203.01; *In re Cook*, 7 Cal. 5th 439, 447 (2019) ("That statute provides that, postjudgment, the trial court may generate, collect, and transmit information about the defendant and the crime to the Department of Corrections and Rehabilitation."). And although section 1203.01 can be used by a convicted person to preserve evidence, it does not appear to give an inmate a freestanding right to have access to the evidence. *In re Cook*, at 446-47 ("The question here is whether a sentenced prisoner whose conviction is final can seek the remedy of evidence preservation and, if so, by what means. We conclude that offenders with final convictions may file a motion in the trial court for that purpose, under the authority of section 1203.01.").

A different court in this district recently discussed a similar issue in *Franks v. Johnson*:

> Plaintiff couches his claim as an access to the court claim, however, Plaintiff's federal claim would arise under the due process clause. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. *Albright v. Oliver*, 510 U.S. 266, 272 (1994). . . .
>
> "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972). "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." *Brittain*, 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).
>
> The Supreme Court has held that a postconviction claim for DNA testing may be brought in a section 1983 action. *Skinner v. Switzer*, 562 U.S. 521, 525 (2011). "California law provides a right to be released from custody pursuant to a writ of habeas corpus when there is no legal cause for imprisonment." *Morrison v. Peterson*, 809 F.3d 1059, 1065 (9th Cir. 2015). . . .
>
> In *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009), the Supreme Court recognized that when a state chooses to enact a law to help those seeking relief from convictions, "due process does not 'dictat[e] the exact form such assistance must assume.' " *Osborne*, 557 U.S. at 69

8

> (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 559 (1987)). The right to due process in this instance is not parallel to a state trial right but is analyzed in light of the fact that the plaintiff has already been found guilty at a fair trial and only has a limited interest in postconviction relief. *Osborne*, 557 U.S. at 69. Due process is violated where the process provided by the state "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental," or "transgresses any recognized principle of fundamental fairness in operation." *Id.* at 70 (quoting *Medina v. California*, 505 U.S. 437, 446, 448 (1992)). Therefore, "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." Morrison, 809 F.3d at 1065 (quoting *Medina*, 505 U.S. at 448).
>
> "*Osborne* severely limits the federal action a state prisoner may bring for DNA testing" and "rejected the extension of substantive due process to this area," leaving "slim room for the prisoner to show that the governing state law denies him procedural due process." *Morrison v. Peterson*, 809 F.3d 1059, 1065 (9th Cir. 2015) (quoting *Skinner*, 562 U.S. at 525). The Ninth Circuit has found that the requirements in section 1405 to obtain relief do not offend due process. *Morrison*, 809 F.3d 1059; *Turner v. Dumanis*, 415 F. App'x 831, 832 (9th Cir. 2011); Jackson v. Cooley, 348 F. App'x 245, 246 (9th Cir. 2009); *Harrison v. Dumanis*, 343 F. App'x 218, 219 (9th Cir. 2009); *see also Smith v. Hestrin*, No. CV 16-7097 AG (FFM), 2018 WL 2670670, at *5 (C.D. Cal. Mar. 21, 2018), *report and recommendation adopted*, No. CV 16-7097 AG (FFM), 2018 WL 2670563 (C.D. Cal. May 31, 2018) (section 1405 requirements are not fundamentally inadequate to protect the liberty interest at stake); *Moore v. Harris*, No. C-14-1370 TEH (PR), 2014 WL 2987768, at *3 (N.D. Cal. July 2, 2014) (plaintiff cannot show that California's DNA access procedures in section 1405 offends principles so rooted in the traditions and conscious of the people as to be fundamental or transgresses any recognized principle of fundamental fairness in its operation); *Soderstrom v. Orange Cty. Dist. Atty.,* No. SACV 08-00309 PA (SS, 2009 WL 3805647, at *5 (C.D. Cal. Nov. 12, 2009) (the procedures established by the State of California are entirely adequate to vindicate plaintiff's right.).

No. 1:20-CV-00367-AWI-SAB (PC), 2020 WL 2106346, at *3 (E.D. Cal. Mar. 20, 2020), *report and recommendation adopted*, 2020 WL 2097734 (E.D. Cal. May 1, 2020).  In other words, federal actions based on a request for DNA testing are limited to challenges to the due process rights of prisoners to receive DNA evidence under state law.  The requests for evidence itself, as mentioned above, should be made with the state trial courts.

Penal Code Section 1405(c)(1) provides a method for a convicted person to receive "[c]opies of DNA lab reports, with underlying notes, prepared in connection with the laboratory testing of biological evidence from the case . . . ." This state procedure comports with due

process. *See Franks*, 2020 WL 2106346 at *3. Plaintiff does not allege otherwise.  Plaintiff's complaint thus does not set forth a violation of his constitutional rights with respect to obtaining a copy of his DNA report.

### C. Claim III: Privacy Act

"The Freedom of Information Act ('FOIA') requires federal agencies to make certain information available to the public. 5 U.S.C. § 552.  The Privacy Act prohibits federal agencies from disclosing certain personal records without an individual's consent, and provides a means for an individual to access his or her records maintained by a federal agency.  5 U.S.C. § 552a(d)(1)." *Jones v. Jimenez*, 2017 WL 85783, at *8 (E.D. Cal. Jan. 10, 2017), *report and recommendation adopted sub nom. Jones v. Lundy*, 2017 WL 915591 (E.D. Cal. Mar. 7, 2017).

The United States Court of Appeals for the Ninth Circuit "has held that the private right of civil action created by the Privacy Act, *see* 5 U.S.C. § 552a(g)(1) (providing that a private individual 'may bring a civil action against the agency'), 'is specifically limited to actions against agencies of the United States Government.  The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials.'" *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (emphasis removed) (quoting *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985)).

Plaintiff's claims are against state officials and entities. Therefore, he cannot state a claim under the Privacy Act against those officials. *See Dittman*, 191 F.3d at 1026.

### V. CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim.

The Court DIRECTS the Clerk of the Court to send Plaintiff a form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court recommends dismissal of this action without leave to amend. The first claim fails because it is properly brought as habeas relief. The second claim fails because there is no such constitutional right to which Plaintiff is entitled. The final claim fails because the Privacy Act can compel only federal agencies, not state officials or entities. No amendment can cure these

deficiencies. Therefore, the Court recommends denying leave to amend and dismissing this case with prejudice for failure to state a claim.

      Accordingly, the Court RECOMMENDS that:

1. The Complaint be DISMISSED, WITH PREJUDICE, for failure to state a claim upon which relief may be granted; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

In addition, the Clerk of Court is respectfully directed to send Plaintiff a copy of the Northern District of California's form for a Petition for a Writ of Habeas Corpus by a Person in State Custody Under 28 U.S.C. § 2254.

IT IS SO ORDERED.

   Dated:   **August 7, 2020**                                        /s/ *Erica P. Grosjean*
                                                                     UNITED STATES MAGISTRATE JUDGE